IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01431-MSK-BNB

CATHIE GORDON,

Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

By an Order [Doc. # 8] entered on March 1, 2010, I set this case for a scheduling conference to occur on March 29, 2010, and I further ordered the parties to conduct a Rule 26(f) conference, complete Rule 26(a)(1) disclosures, and prepare and file a proposed scheduling order.

On March 8, 2010, the parties filed the Joint Motion to Reschedule Scheduling Conference, Rule 26(f) Planning Meeting, Initial Disclosures, and Confidential Settlement Statements [Doc. # 10] (the "Joint Motion to Reschedule"). The Joint Motion to Reschedule sought a two month postponement of this action to allow the plaintiff, who is proceeding *pro se*, to attempt to obtain counsel; undergo unspecified surgery "scheduled in two weeks," followed by an anticipated six week recovery period; and deal with "another serious health issue." Id. at p. 1.

By a minute order [Doc. # 12, filed 3/9/2010], I set the Joint Motion to Reschedule for hearing on March 29, 2010. Defendant's counsel appeared at that time, but the plaintiff neither

appeared nor contacted the court. Thereafter, I entered an Order [Doc. # 14] (the "Order to Show Cause") requiring the plaintiff to show cause on or before April 12, 2010, why the case should not be dismissed pursuant to D.C.COLO.LCivR 41.1[1] for lack of prosecution and failure to comply with the order of the court setting a hearing on the Joint Motion to Reschedule. In the Order to Show Cause, I cautioned the plaintiff as follows:

> A *pro se* litigant may file an action and prosecute it on her own behalf. Neither a *pro se* litigant nor any other party may burden the court and the opposing party by commencing an action and then failing to prosecute it because she is too sick or otherwise unable to proceed, however. This is particularly true where, as here, there is no evidence to substantiate the assertion of debilitating illness. Where a *pro se* litigant is unable to prosecute the matter on her own behalf, she must retain counsel able to carry the burdens of litigation.

The plaintiff failed to respond to the Order to Show Cause or to contact the court in any way. The plaintiff has abandoned the action.

I respectfully RECOMMEND that this case be dismissed without prejudice pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and failure to comply with orders of the court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo*

---

[1]Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

2

review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 15, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge